**Martin Allen DRAUGHON, Appellant,**

v.

**Janie COCKRELL and Gary Johnson, Appellees.**

No. 09–03–069–CV.

Court of Appeals of Texas, Beaumont.

Submitted July 16, 2003.

Decided July 31, 2003.

Martin Allen Draughon, Livingston, pro se.

Dawn D. Rogers, for Janie Cockrell and Gary Johnson.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

**OPINION**

PER CURIAM.

Martin Allen Draughon, an inmate, appeals the trial court's order dismissing his suit against Janie Cockrell, Director of the Institutional Division of the Texas Department of Criminal Justice, (TDCJ–ID), and Gary Johnson, Executive Director of TDCJ–ID. Draughon brings a single issue in which he asserts the trial court erred and abused its discretion in dismissing his suit. The appellees did not file a brief.

In his petition, Draughon alleged Smith Corona typewriters had been sold at TDCJ–ID commissaries for several years, with repair services also being available to the purchasers. Draughon also alleged that subsequent to his typewriter purchase and initial use of the repair service, appellees enacted a policy change that effectively has denied him use of the repair services. Draughon complains that appellees (1) violated the Deceptive Trade Practices–Consumer Protection Act, (2) violated his right to access to the courts, (3)deprived him of property without due course of law, and (4) violated his equal protection rights.

The trial court found Draughon's petition did not comply with Chapter 14 of the Texas Civil Practices and Remedies Code and dismissed all claims against the appellees. Tex. Civ. Prac. & Rem.Code Ann. §§ 14.001–.014 (Vernon 2002).

We agree. One requirement of Chapter 14 is that an inmate who files a claim subject to the grievance system, which is established under Section 501.008 of the Government Code, must file an affidavit or unsworn declaration stating the date a grievance was filed and the date a written decision was received, and also must file a copy of the written decision. Tex. Civ. Prac. & Rem.Code Ann. § 14.005(a)(1)(2) (Vernon 2002).[1] Though Draughon attached to his petition copies of the grievance forms he purportedly filed, he did not include an affidavit or unsworn declaration.

The trial court has broad discretion to dismiss as frivolous or malicious a suit that is subject to Chapter 14, and we review that dismissal under the abuse of discretion standard. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002); *see White v. State,* 37 S.W.3d 562, 563 (Tex.App.-Beaumont 2001, no pet.). We previously have held that a trial court did not abuse its discretion by dismissing a suit when an inmate did not file the affidavit related to previous filings as required under Section 14.004. *See Hall v. Treon,* 39 S.W.3d 722, 724 (Tex.App.-Beaumont 2001, no pet.) Similarly, the trial court is entitled to use an inmate's failure to file a Section 14.005 affidavit or unsworn declaration in making its determination under Section 14.003(a).[2]

We find the trial court did not abuse its discretion in dismissing Draughon's suit. Draughon's issue is overruled. The trial court's judgment is AFFIRMED.

---

1. Section 501.008(a) of the Texas Government Code provides:

    (a) The department shall develop and maintain a system for the resolution of grievances by inmates housed in facilities operated by the department or under contract with the department that qualifies for certification under 42 U.S.C. Section 1997e and the department shall obtain and maintain certification under that section. A remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department or under contract with the department, other than a remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate to the department or to a facility operated under contract with the department. Tex. Civ. Prac. & Rem.Code Ann. § 501.008(a) (Vernon 1998).

2. Unsworn declarations filed by inmates must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 14.001(6); 132.003 (Vernon 2002 & Vernon 1997).