NO. 07-03-0553-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 8, 2004
_____

In re RONALD T. HARGESHEIMER,

Relator
_____

**Memorandum Opinion on Petition for Writ of Mandamus**
_____

Before JOHNSON, C.J.,  and QUINN and CAMPBELL, JJ.

Pending before the court is the petition for writ of mandamus filed by Ronald T. Hargesheimer.  In it, he questions 1) the advice purportedly received from counsel involving the waiver of his right to appeal from a plea bargain, 2) the trial court's purported refusal to appoint him an attorney apparently to assist him in prosecuting a pending appeal, and 3) his purported failure to receive a copy of the reporter's record so he can pursue "an effective appeal."  Also mentioned is his desire to protect his right to due process as that right apparently relates to the foregoing matters.  We deny the petition for the following reasons.

First, it is not signed by the relator.  As required by Texas Rule of Appellate Procedure 9.1(b), a "party not represented by counsel *must sign any document* that the party files and give the party's mailing address, telephone number, and fax number, if any." (Emphasis supplied).

Second, factual statements in the petition must be verified by affidavit. TEX. R. APP. P. 52.3. To the extent that the relator is an inmate (as he appears to be here), statute permits him to substitute an unsworn declaration for the affidavit. TEX. CIV. PRAC. & REM. CODE ANN. §132.001(a) (Vernon 1997). Such declarations, however, must be in writing and subscribed by the person making the declaration as true under penalty of perjury. *Id.* §132.003; *Draughon v. Cockrell*, 112 S.W.3d 775, 776 n.2 (Tex. App.--Beaumont 2003, no pet.). The "affidavit" tendered by the relator here contains no jurat; that is, it is not signed by one authorized to give an oath (such as a notary public). And, to the extent the document may constitute an unsworn declaration, relator failed to state in it that the factual statements made are true and correct "under penalty of perjury."

Third, to the extent that the relator questions the reasonableness of his attorney's advice with regard to his execution of the plea documents and the waivers contained therein, the complaint may be presented via a direct appeal. Alternatively, if relator waived his right to appeal based upon supposedly unreasonable advice of counsel and attacks his conviction on that ground, then it is possible that the complaint may be urged via a statutory habeas corpus proceeding.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2002) (discussing that remedy); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (holding that since the applicant's attempt to vacate his felony conviction could be reviewed through a habeas proceeding initiated under art. 11.07 of the Code of Criminal Procedure, mandamus could not issue). In either case, relator has not

---

[1]Relator fails to inform this court of the specific remedy he desires and to which he believes himself entitled due to the supposedly unreasonable advice.

2

shown that he lacks an adequate remedy at law, which is a prerequisite to obtaining a writ of mandamus. *In re Nolo Press/Folk Law Inc.*, 991 S.W.2d 768, 776 (Tex. 1999).

Fourth, to the extent that relator seeks the appointment of counsel and the reporter's record to prosecute an appeal from his conviction, those matters can be addressed via Texas Rules of Appellate Procedure 35.3(c) and 38.8. Each of those provisions grant the appellate court substantial authority to assure the timely filing of the reporter's record and a brief addressing purported error committed by the trial court. In short, a legal remedy may exist to obtain the relief sought at bar. At the very least, relator has not shown otherwise, which is his burden to do. Thus, we cannot say that he is entitled to a writ of mandamus regarding the appointment of counsel or the reporter's record.

Accordingly, the petition for writ of mandamus is denied.


Brian Quinn
Justice

3