Affirmed and Memorandum Opinion filed March 30, 2004









Affirmed and Memorandum Opinion filed March 30, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00039-CV

____________

 

WILLIAM
E. DOYLE, Appellant

 

V.

 

VIRGIL
LUCY, NATHANIEL SMITH, LT. WAYNE BREWER, 

AND CAPT. MICHAEL BARNETT, Appellees

 



 

On Appeal from the 278th District Court

Walker County, Texas

Trial Court Cause No. 21,851-C

 



 

M E M O R A N D U M   O P I N I O N

Appellant, William E. Doyle, challenges the trial court=s order dismissing his suit
pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.  We affirm.

Background








On October 28, 2002, Doyle, an inmate at the Ellis Unit of
the Texas Department of Criminal JusticeBInstitutional Division (TDCJ-ID),
filed suit under the Texas Tort Claims Act against appellees: two correctional
officers, a lieutenant, and a captain from the Ellis Unit.  Proceeding pro se and in forma
pauperis, Doyle sought money damages, claiming these prison employees
failed to protect him and his property from another inmate=s destructive conduct.  

The Attorney General=s office filed an amicus curiae advisory
in the trial court, outlining Doyle=s failure to comply with Chapter 14
of the Texas Civil Practice and Remedies Code. 
Tex. Civ. Prac. & Rem. Code
Ann. '14.001 et seq. (Vernon
2002).  On December 17, 2002, the trial
court granted the advisory and dismissed Doyle=s suit.  On appeal, Doyle contends the trial court=s dismissal constitutes an abuse of
discretion. 

Analysis

As an inmate proceeding in forma pauperis, Doyle=s suit is subject to the procedural
requirements of Chapter 14.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.002; Hines v. Massey, 79
S.W.3d 269, 271 (Tex. App.CBeaumont 2002, no pet.). 
The Legislature enacted Chapter 14 to control the flood of frivolous
lawsuits filed in Texas courts by prison inmates.  McCollum v. Mount Ararat Baptist Church,
Inc., 980 S.W.2d 535, 537 (Tex. App.CHouston [14th Dist.] 1998, no pet.); Hickson
v. Moya, 926 S.W.2d 397, 399 (Tex. App.CWaco 1996, no pet.).  The statute serves to deter prisoners from
filing these frivolous lawsuits by (1) requiring indigent inmates to: (a) file
affidavits related to their previous filings; (b) exhaust their administrative
remedies; (c) file suit within thirty-one days after the decision on their
grievance; and (2) requiring courts to dismiss their suits for
noncompliance.  Tex. Civ. Prac. & Rem. Code Ann. '' 14.003B.005, 14.010; see Sanders v.
Palunsky, 36 S.W.3d 222, 226 (Tex. App.CHouston [14th Dist.] 2001, no pet.). 








Under Chapter 14, a trial court has broad discretion to
dismiss a lawsuit as frivolous or malicious.  Retzlaff v. Tex. Dep=t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  In determining whether a suit
is frivolous or malicious, the trial court may consider whether: (1) the claim=s realistic chance of ultimate
success is slight; (2) the claim has no arguable basis in law or fact; (3) it
is clear that the party cannot prove facts in support of the claim; or (4) the
claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.003(b); Thomas v. Knight,
52 S.W.3d 292, 294 (Tex. App.CCorpus Christi 2001, pet. denied), cert. denied, 537
U.S. 890 (2002).  A court abuses its
discretion if it acts without reference to guiding rules or principles.  Thomas, 52 S.W.3d at 294B95. 
Here, the record reflects Doyle failed to comply with the procedural
requirements under sections 14.004 and 14.005 of Chapter 14. 

A.  Section 14.004

Section 14.004 requires an inmate to file a separate
affidavit or declaration describing each suit he previously has brought pro
se, other than a suit under the Family Code.  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004(a)(1).  By requiring this affidavit, the statute
enables the trial court to determine whether an inmate=s claim is similar to a previous
claim filed by the inmate and whether it arises from the same operative facts.  Bell v. Tex. Dep=t of Criminal Justice-Inst. Div., 962 S.W.2d 156, 157 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  When an inmate does not comply
with the requirements of section 14.004, the trial court may assume the suit is
substantially similar to one previously filed by the inmate and is therefore,
frivolous.  See Gowan v. Tex. Dep=t of Criminal Justice, 99 S.W.3d 319, 321B22 (Tex. App.CTexarkana 2003, no pet.); Clark v.
J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.CHouston [1st Dist.] 2000, pet.
denied).








Here, when Doyle initially filed his suit in the district
court, he failed to file an affidavit of previous filings with his original
petition.  However, on August 27, 2002,
Doyle sent a copy of his complaint and supporting documents to the Sheriff of
Walker County, Victor Graham.  Graham
turned the complaint over to the Special Prison Prosecution Unit, which in turn,
forwarded the complaint to the Internal Affairs Division of the TDCJ-ID.[1]   Doyle argues that by providing the documents
to Graham=s office, he complied with section
14.004.  We disagree.  The statute clearly requires the necessary
affidavit be filed with the court.  See
Tex. Civ. Prac. & Rem. Code Ann.
' 14.004.

Further, the record contains a letter from the clerk of the
court to Doyle, dated October 11, 2002, advising him that papers Doyle
filed in an earlier attempt to initiate the suit were being returned because
Doyle failed to enclose a pauper=s oath with a signed affidavit.  The letter also stated, AMr. Doyle, it appears that you are
trying to file a civil case in the courts of Walker County B should you wish for your case to go
forward in the courts of Texas, you may wish to follow the rules as outlined in
Chapter 14 - Texas Civil Practice and Remedies Code.  (See your law library),@ and AYOU MUST RETURN YOUR PETITION WITH
ALL DOCUMENTS REQUIRED BY CHAPTER 14 TOGETHER B OTHERWISE IT WILL BE RETURNED TO YOU@ (emphasis in original).  Thus, the clerk=s notice, advising Doyle to comply
with Chapter 14, provided him an opportunity to remedy his filing deficiencies.


We find Doyle did not comply with the rules governing his
status as an inmate proceeding in forma pauperis because the court=s file did not contain an affidavit
of previous filings.  See Gowan,
99 S.W.3d at 321B22.  Therefore, the
trial court was within its discretion to dismiss this case pursuant to section
14.004.  

B.  Section 14.005








Moreover, Doyle=s failure to comply with section
14.005 was also a proper basis for dismissal of his lawsuit.  Under section 14.005, before filing suit, an
inmate must exhaust the remedies available through TDCJ=s grievance system as established
under section 501.008 of the Texas Government Code.  See
Tex. Civ. Prac. & Rem. Code ' 14.005(a); Tex. Gov=t Code Ann. ' 501.008 (Vernon 1998); Crain v.
Prasifka, 97 S.W.3d 867, 868 (Tex. App.CCorpus Christi 2003, pet.
denied).  Section 14.005(b) requires the
court to dismiss a claim if the inmate fails to file it before the thirty-first
day after the date that he receives the written decision from the grievance
system.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(b); Moreland v. Johnson,
95 S.W.3d 392, 394 (Tex. App.CHouston [1st Dist.] 2002, no pet.). In order to enable a
trial court to determine if the inmate=s suit was filed within the period
required by section 14.005, the inmate must file the following: (1) an
affidavit or unsworn declaration stating the date the grievance was filed and
the date the written decision was received by the inmate; and (2) a copy of the
written decision from the grievance system. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.005(a). 

Doyle did not file the requisite affidavit or unsworn
declaration with his petition, stating the date he filed his grievance, or the
date he received the written decision under the grievance system.  Furthermore, at the time of the dismissal,
the trial court did not have a copy of said written decision.  Thus, the trial court did not have anything
to review in determining whether Doyle had exhausted his administrative
remedies and filed suit within thirty-one days of receiving a written decision
under the grievance system.  Therefore,
the court was within its discretion to dismiss his suit for non‑compliance.
 See
Tex. Civ. Prac. & Rem. Code Ann.
'' 14.003(a), 14.005(b); Draughon v.
Cockrell, 112 S.W.3d 775, 776 (Tex. App.CBeaumont 2003, no pet.). 








Doyle claims he should have been afforded an opportunity to
remedy his errors, citing to Thomas v. Skinner, 54 S.W.3d 845, 847 (Tex.
App.CCorpus Christi 2001, pet denied) and Hickman
v. Adams, 35 S.W.3d 120, 125 (Tex. App.CHouston [14th Dist.] 2000, no
pet.).  However, we do not find either
case applicable to the facts presented by this record.  In those cases, the trial court dismissed the
inmate=s claims with prejudice,
whereas here the dismissal was without prejudice.[2]  A dismissal without prejudice allows the
claimant to file suit again on the same cause of action.  McConnell v. Attorney Gen. of Tex.,
878 S.W.2d 281, 283 (Tex. App.CCorpus Christi 1994, no writ).  Additionally, we have previously held that
because a trial court may dismiss an action as frivolous either before or after
service of process, the trial court is under no duty to suggest or recommend
that a complainant amend his pleading or amend defects in an affidavit.  Hickman, 35 S.W.2d at 125; Kendrick
v. Lynaugh, 804 S.W.2d 153, 156 (Tex. App.CHouston [14th Dist.] 1990, no
writ).  We note also that the clerk of
the court advised Doyle of the need to comply with Chapter 14.    

After the dismissal, Doyle filed various documents with the
trial court attached to a notice of appeal, including a copy of the written
decision from the grievance system, issued on August 6, 2002.  We cannot consider documents filed by Doyle
after the trial court dismissed his suit. 
See Smith v. Tex. Dep=t of Criminal Justice-Inst. Div., 33 S.W.3d 338, 341 (Tex. App.CTexarkana 2000, pet. denied).  But even if we could, it would not affect the
outcome.  These later filed documents
show that Doyle=s suit was not filed until October 28, 2002, eighty-three
days after the decision of the grievance system was issued.  Under section 14.005, the court had no
discretion except to dismiss the lawsuit. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.005; see Lewis v. Johnson,
97 S.W.3d 885, 888 (Tex. App.CCorpus Christi 2003, no pet.); Allen v. Tex. Dep=t of Criminal Justice-Inst. Div., 80 S.W.3d 681, 683 (Tex. App.CHouston [1st Dist.] 2002, pet.
denied).  .  








Finally, Doyle claims that he was misled by the sheriff=s and district clerk=s offices about the location of
filing and therefore his suit was subject to tolling.  We find no evidence in the record to support
this contention.  We note that section
14.005(b) is not a statute of limitations, but a procedural tool to screen
inmate lawsuits.  See Crain, 97
S.W.3d at 870; Hickson, 926 S.W.2d at 399.  In addition, the plain language of section
14.014, which provides that the provisions of Chapter 14 cannot be modified or
repealed by a rule adopted by the Texas Supreme Court, indicates that the
legislature intended to apply strict timetables to suits filed by inmates
proceeding in forma pauperis.  Warner
v. Glass, 96 S.W.3d 640, 641 (Tex. App.CTexarkana 2003, pet. filed) (holding
that Rules of Civil Procedure 4 and 5 do not act to extend the thirty-one day
requirement of 14.005(b)).  As noted
above, Doyle would not have complied with Chapter 14 even if the required
inmate grievance documentation was filed with his original petition on October
28, 2002, because the petition was not filed within thirty-one days of his
written decision from the grievance system.

In sum, the trial court acted within its discretion in
dismissing Doyle=s suit because he failed to comply with Chapter 14=s procedural requirements.  See Draughon, 112 S.W.3d at 776; Gowan,
99 S.W.3d at 321B22; Allen, 80 S.W.3d at 683.  Accordingly, the judgment of the trial court
is affirmed.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered
and Memorandum Opinion filed March 30, 2004.

Panel consists of
Justices Edelman, Frost, and Guzman.

 

 











[1]  By letter
dated December 10, 2002, Graham advised Doyle of this action.   





[2]  Failure to
comply with sections 14.004 and 14.005(b) results in a dismissal without
prejudice.  Lewis v. Johnson, 97
S.W.3d 885, 887B88 (Tex. App.CCorpus
Christi 2003, no pet.) (pertaining to violations of 14.005); Hickman, 35
S.W.3d at 124 (pertaining to violations of 14.004).