In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-154 CV


____________________



WILLIAM E. CUNNINGHAM, Appellant



V.



WARDEN C. MOSLEY AND DAVID DOUGHTY, Appellees






On Appeal from the 136th District Court


Jefferson County, Texas


Trial Court Cause No. D-170747






MEMORANDUM OPINION


 William E. Cunningham filed an inmate civil action against Warden C. Mosley (1) and
David Doughty, employees of the Texas Department of Criminal Justice. In his petition,
Cunningham alleged defendants intentionally, knowingly, and willingly sold him hazardous
deodorant that caused a severe rash. He claims such conduct violated the Eighth
Amendment's prohibition against cruel and unusual punishment. The trial court dismissed
Cunningham's action for failure to comply with Chapter 14 of the Texas Civil Practices
and Remedies Code. Cunningham appeals to this Court. 

 The State's motion to dismiss asserted Cunningham failed to comply with certain
requirements of Chapter 14. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.004, 14.005
(Vernon 2002). Section 14.005 requires that an inmate who files a claim that is subject
to the grievance system (established under Section 501.008 of the Government Code) must
file an affidavit or unsworn declaration stating the date the grievance was filed and the 
date a written decision was received; the inmate also must file a copy of the written
decision. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1),(2) (Vernon 2002);
Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004). Although Cunningham attached to
his petition a copy of the grievance he filed, he did not include an affidavit or unsworn
declaration stating the date he filed the grievance and the date he received the final written
decision. Under section 14.005(b), "[a] court shall dismiss a claim [a suit] if the inmate
fails to file the claim before the 31st day after the date the inmate receives the written
decision from the grievance system." Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) 
(Vernon 2004). The affidavit setting forth the date the inmate filed his grievance and the
date he received a written decision serve to show the timeliness of his petition. Here, it
is not apparent from the face of the grievance decision that Cunningham timely filed his
petition. He also did not file the affidavit or unsworn declaration as required by statute. 
 The trial court may dismiss as frivolous or malicious a suit that is subject to Chapter
14, and we review that dismissal under an abuse of discretion standard. See Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002); White v. State, 37 S.W.3d 562,
563 (Tex. App.--Beaumont 2001, no pet.). A trial court does not abuse its discretion by
dismissing a suit when an inmate does not file the affidavit required by section
14.005(a)(1). See Draughon v. Cockrell, 112 S.W.3d 775,776 (Tex. App.-- Beaumont
2003, no pet.). The trial court did not abuse its discretion in dismissing Cunningham's
suit, without prejudice, for failure to comply with Chapter 14. The dismissal is affirmed. 
 AFFIRMED. 



 _________________________________

 DAVID GAULTNEY

 Justice


Submitted on January 25, 2005

Opinion Delivered February 3, 2005


Before McKeithen, C.J., Gaultney, and Kreger, JJ.
1. Cunningham uses the spelling "Moslay."