COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-258-CV

 

 

CURTIS R. FRANCIS                                                             APPELLANT

                                                                                                        

 

                                                   V.

 

TDCJ-CID, DANNY HORTON,                                                 APPELLEES

AND
DEBORAH FORD                                                                           

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

OPINION

 

------------








Appellant Curtis R. Francis, an inmate proceeding
pro se and in forma pauperis, challenges the trial court=s order
dismissing without prejudice his claims against Appellees Texas Department of
Criminal JusticeCCorrectional Institutions
Division (TDCJ-CID) and two of its employees, Danny Horton and Deborah
Ford.  Because we hold that the trial
court abused its discretion in granting Appellees= motion
to dismiss with regard to Appellant=s claim
based on the September 27, 2004 grievance decision, we reverse the trial court=s
judgment in part and remand this case for trial as to that claim only.  We affirm the trial court=s
judgment as to all of Appellant=s other
claims.

I.  Facts
and Procedural Background

Appellant sued Appellees, alleging constitutional
violations, violations of the Texas Tort Claims Act, and negligence.  He also alleged multiple civil rights
violations, including poor conditions of confinement, lack of access to courts
as a result of restricted access to law books, and retaliation.  The two employees filed a motion to dismiss,
alleging that Appellant=s action was frivolous under
Chapter 14 of the Texas Civil Practice and Remedies Code because Appellant
failed to comply with the procedural requirements of Section 14.005.[1]  TDCJ-CID filed a motion to dismiss on the
same grounds.  The trial court granted
both motions, stating that the claims were frivolous for failure to comply with
Chapter 14.








Appellant appealed, arguing that the trial court
abused its discretion in dismissing his case because 1) he provided the court
with all relevant information that Section 14.005 requires, 2) he filed his
suit within the thirty-one-day statute of limitations period, 3) no Texas
intermediate court of appeals has ever dismissed a suit when an inmate
exhausted his claim and filed it within the time limitation, and 4) the
legislature did not expressly authorize dismissal under subsection
14.005(a)(1).

II. 
Standard of Review

A trial court=s
dismissal of a lawsuit brought by an inmate who has filed an affidavit or
declaration of inability to pay costs is reviewed under the abuse of discretion
standard.[2]  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, whether the act was arbitrary
or unreasonable.[3]  Merely because a trial court may decide a
matter within its discretion in a different manner than an appellate court
would in a similar circumstance does not demonstrate that an abuse of
discretion has occurred.[4]








An abuse of discretion does not occur when the
trial court bases its decisions on conflicting evidence.[5]
 Furthermore, an abuse of discretion does
not occur as long as some evidence of substantive and probative character
exists to support the trial court=s
decision.[6]

III. 
Analysis

Chapter 14 of the Texas Civil Practice and
Remedies Code applies to suits brought by inmates who file an affidavit or
unsworn declaration of inability to pay costs.[7]  Section 14.003(a)(2) provides that a court
may dismiss a claim if it finds that the claim is frivolous.[8]  Section 14.003(b) provides that in
determining whether a claim is frivolous, the court can consider whether 1) the
claim=s
realistic chance of ultimate success is slight, 2) the claim has no arguable
basis in law or in fact, 3) the party clearly cannot prove facts in support of
the claim, or 4) the claim is substantially similar to a previous claim filed
by the inmate because it arises from the same operative facts.[9]  In addition, Section 14.005(a) provides,

(a)     An inmate who files a claim that is subject
to the grievance system established under Section 501.008, Government Code,
shall file with the court:

 








(1)    an
affidavit or unsworn declaration stating the date that the grievance was filed
and the date the written decision described by Section 501.008(d), Government
Code, was received by the inmate; and

 

(2)    a
copy of the written decision from the grievance system.[10]

 

Such a claim must be filed in the court within thirty-one days of the
inmate=s
receiving the written decision.[11]

Appellees= motions
to dismiss alleged that Appellant did not provide the affidavit  or written grievance decisions required by
Section 14.005(a) and that the trial court therefore lacked the information
required to determine whether Appellant exhausted his administrative
remedies.  Appellees also claimed that
the trial court did not have enough information to determine whether the suit
was filed within thirty-one days of the date Appellant received the final
grievance decision.  








Appellant filed several grievances with the Texas
Department of Criminal Justice that proceeded through both Step 1 and Step 2 of
the established grievance procedure.  One
grievance alleged civil rights violations due to conditions of Appellant=s
confinement, and two others alleged denial of access to law books.  When Appellant filed his original complaint,
he also filed copies of the written decisions from Step 1 and Step 2 of these
grievances, as required by Section 14.005(a)(2).[12]  However, he did not file an affidavit or
unsworn declaration stating the dates that the grievances were filed and the
dates that he received the written decisions, as required by Section
14.005(a)(1).[13]


A.  Timeliness and Substantive Compliance

In his first two subissues, Appellant contends
that the trial court abused its discretion because Appellant provided the court
with all the relevant information that Section 14.005 requires and because he
filed his suit within the thirty-one-day statute of limitations.  We agree as to the grievance decision signed
on September 27, 2004.  








The Step 1 grievance forms themselves show the
dates they were received by the TDCJ office, the dates the decisions on the
grievances were due, the dates the warden signed his response decisions, and
the dates those decisions were allegedly returned to Appellant.  The Step 2 grievance forms show the dates
that the unit grievance investigator received the grievances, the dates the
headquarters received them, the dates the decisions on the grievances were due,
and the dates the program administrator signed each response.  However, the Step 2 forms do not indicate the
dates that the written decisions on the grievances were actually received by
Appellant.  The Step 2 decision regarding
Appellant=s grievance concerning
conditions of his confinement was signed on September 23, 2004.  The Step 2 decisions regarding denial of
access to law books were signed on September 13, 2004 and September 27,
2004.  Appellant filed his claim in the
trial court on October 27, 2004. 
Therefore, the grievance decision signed on September 27, 2004 shows on
its face that the thirty-one-day period was necessarily complied with because
the decision would clearly have to be made before Appellant could have received
it.  Thus, Appellees are incorrect in
their assertion that the trial court did not have the information needed to
determine whether the suit was filed within the statute of limitations period with
regard to this claim.  








As in our case, the inmate in Draughon v.
Cockrell filed a petition with copies of the grievance forms that he
purportedly filed, but he did not file the required affidavit or unsworn
declaration.[14]  The trial court dismissed the suit.[15]  Without even discussing whether the
information, such as the dates, required to be in the affidavit or unsworn
declaration could be located in the grievance forms themselves, the appellate
court affirmed, holding that the trial court did not abuse its discretion in
dismissing the suit.[16]  Citing Draughon, the court in Lamotte
v. Wickersham reached a similar result, also without discussing whether the
timing requirements were satisfied as shown by the evidence.[17]  In that case, the inmate failed to file the
Section 14.005 affidavit and also failed to file an affidavit required by
Section 14.004.[18]  The court held the trial court did not abuse
its discretion in dismissing the suit.[19]  








In this court=s Bishop
v. Lawson case, the opposite situation occurred when an inmate filed a
summary of his grievances but not copies of the decisions themselves.[20]  We held that the trial court did not abuse
its discretion in dismissing the inmate=s claim,
but we did not discuss whether the inmate=s
summary contained the information required to be contained in the grievance
forms.[21]  








Also citing Draughon, the Teague v.
Seagroves court reached a similar result.[22]  In that case, like ours, the grievance forms
themselves showed the date the Step 2 grievance was denied but did not state
the date on which the inmate received the written decision.[23]  Additionally, it was not clear on the face of
the grievance decision that the suit had been filed within thirty-one days of
the decision.[24]  Similarly, in Kelley v. Scott, the
inmate filed a copy of the written decision and an unsworn declaration, but the
declaration did not state the date he filed the grievance or the date he
received the decision.[25]  The court then looked to the information
shown on the written decision, but the date shown on the decision evidenced
that it was rendered almost two years before the inmate filed the suit.[26]  Additionally, in Doyle v. Lucy, the
appellate court held that the trial court did not abuse its discretion in
dismissing an inmate=s suit when the inmate did not
file an affidavit or unsworn declaration or the copy of the decision, stating
the trial court could have no way of knowing if the inmate had complied with
the thirty-one-day period.[27]

Also, in Moore v. Zeller, the court
affirmed the trial court=s dismissal of an inmate=s suit
because he did not file copies of the decisions and because the summary
he included did not include the date when he received the written decisions.[28]  However, in our case, Appellant did include
copies of the written decisions. 
Although the written decisions did not provide the dates that Appellant
received them, the September 27, 2004 decision on its face demonstrates that
Appellant must have complied with the thirty-one-day period.








As stated, many of these cases do not even
discuss whether the required information, such as the date the inmate received
the decision, was shown in the grievances.[29]  In those that do state that the dates are
indicated, the dates shown do not necessarily indicate that the thirty-one-day
period was complied with.[30]


Significantly, 

The importance of the
dates and copies of grievance decisions is to enable a trial court to determine
if an inmate has timely filed a claim pursuant to section 14.005(b) which
requires a claim to be filed before the 31st day after the date the inmate
receives the written decision.[31]


 

In other words, 

 

[t]hough Section 14.005
does not explicitly so provide, its obvious purpose is to allow the trial court
to dismiss a suit when it becomes clear that the inmate has failed to provide
the information the statute requires. 
Therefore, it is incumbent on the inmate to provide the required
information before it comes to the trial court for review.[32]


 








In Appellant=s case,
with regard to the September 27, 2004 decision, the information required to be
in the affidavit appears on the face of the grievance form, and the trial court
could have easily determined that he timely filed this claim by reviewing the
form.  Although the court in Draughon
v. Cockrell stated that Athe
trial court is entitled to use an inmate=s
failure to file a Section 14.005 affidavit or unsworn declaration in making its
determination under Section 14.003(a),@[33] we
believe that such a hypertechnical application of the statute is unnecessary
and unjust regarding this particular claim. 
The record shows that Appellant must have acted within the time
limitations with regard to the September 27, 2004 decision.  Therefore, we hold that the trial court
abused its discretion in granting Appellees= motions
to dismiss regarding the claim based on the September 27, 2004 decision.  We sustain Appellant=s first
two subissues and do not reach the remaining subissues with regard to this
claim only.[34]

However, it is not clear from the face of the
September 13, 2004 decision or the September 23, 2004 decision that Appellant
acted within the thirty-one-day period. 
Consistent with Teague and similar cases, we hold that with
regard to these decisions, the trial court did not abuse its discretion in
dismissing the claims based thereon, as the information required by the
affidavit was not present.[35]  We overrule Appellant=s first
two subissues with regard to the claims based on these decisions.

 








B. 
Remaining Subissues

In Appellant=s third
subissue, Appellant argues that no Texas intermediate court of appeals has ever
dismissed a suit in which an inmate exhausted his claim and filed it within the
time limitation.  However, as previously
discussed and contrary to Appellant=s
assertions, he did not show that he filed the September 13, 2004 and September
23, 2004 decisions within the time limitation. 
In similar situations, Teague and other cases have dismissed such
claims.[36]  We overrule Appellant=s third
subissue with regard to the claims based on these decisions.








In Appellant=s fourth
subissue, he argues that the legislature did not expressly authorize dismissal
under subsection 14.005(a)(1).  We agree,
but we believe that the legislature implicitly authorized dismissal in
this situation.  In Bishop, this
court held that the trial court=s
dismissal for an inmate=s failure to comply with
subsection 14.005(a)(2), which similarly does not expressly authorize dismissal,
was not an abuse of discretion.[37]  Other appellate courts have also affirmed
dismissal of cases in similar situations.[38]  We overrule Appellant=s fourth
subissue with regard to the claims based on the September 13, 2004 and
September 23, 2004 decisions.

IV. 
Conclusion

We affirm the trial court=s
judgment with regard to the claims based on the September 13, 2004 and
September 23, 2004 grievance decisions. 
We reverse the trial court=s
judgment and remand this case for trial with regard to the claim based on the
September 27, 2004 grievance decision.

 

 

LEE ANN DAUPHINOT  

JUSTICE

 

PANEL F:    LIVINGSTON,
DAUPHINOT, and HOLMAN, JJ.

 

LIVINGSTON, J. dissents
without opinion.

 

DELIVERED:  March 9, 2006

 

 











[1]See Tex. Civ. Prac. & Rem. Code Ann. ' 14.005 (Vernon 2002).





[2]See, e.g., Barnum v. Munson, Munson, Pierce and
Cardwell, P.C., 998 S.W.2d 284, 286
(Tex. App.CDallas 1999, pet. denied) (citing Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.CWaco 1996, no writ)).





[3]Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S.
1159 (1986). 





[4]Id.





[5]Davis v. Huey, 571 S.W.2d 859, 862
(Tex. 1978); see also Goode v. Shoukfeh, 943 S.W.2d 441, 446 (Tex.
1997).





[6]Butnaru v. Ford Motor Co., 84 S.W.3d 198, 211
(Tex. 2002).





[7]Tex. Civ. Prac. & Rem.
Code Ann. ' 14.002(a).





[8]Id. ' 14.003(a)(2).





[9]Id. ' 14.003(b).





[10]Id. '
14.005(a).





[11]Id. ' 14.005(b).





[12]See id. '
14.005(a)(2).





[13]See id. ' 14.005(a)(1).





[14]Draughon v. Cockrell, 112 S.W.3d 775, 776 (Tex.
App.CBeaumont 2003, no pet.).





[15]Id.





[16]Id.





[17]Lamotte v. Wickersham, No. 10-04-00250-CV,
2005 WL 1484029, at *2 (Tex. App.CWaco June 22, 2005, no pet.) (mem. op.).





[18]Id.





[19]Id. at *3.





[20]Bishop v. Lawson, 131 S.W.3d 571, 574 (Tex.
App.CFort Worth 2004, pet.
denied).





[21]Id.





[22]Teague v. Seagroves, No. 06‑03‑00146,
2004 WL 626798, at *1-2 (Tex. App.CTexarkana Mar. 31, 2004, pet. denied) (mem. op.).





[23]Id. at *1.





[24]Id. at *2.





[25]Kelley v. Scott,
No. 14-01-00696-CV, 2003 WL 21229275, at *3 (Tex. App.CHouston
[14th Dist.] May 29, 2003, no pet.) (mem. op.).





[26]Id.





[27]Doyle v. Lucy,
No. 14‑03‑00039‑CV, 2004 WL 612905, at *2 (Tex. App.CHouston
[14th Dist.] Mar. 30, 2004, no pet.) (mem. op). 





[28]Moore v. Zeller,
153 S.W.3d 262, 264 (Tex. App.CBeaumont, pet. denied).





[29]See, e.g., Lamotte, 2005 WL 1484029, at *2;
Bishop, 131 S.W.3d at 574; Draughon, 112 S.W.3d at 776.





[30]See, e.g., Teague, 2004 WL 626798, at *1-2; Kelley, 2003 WL
21229275, at *3.





[31]Ramirez v.
Dietz, No. 07‑04‑00476‑CV, 2005 WL 1866082, at *3 (Tex.
App.CAmarillo Aug. 8, 2005, pet. denied).





[32]Smith v. TDJCBInstitutional Div., 33 S.W.3d 338, 341 (Tex. App.CTexarkana 2000, pet. denied).





[33]Draughon, 112 S.W.3d at 776.





[34]Tex. R. App. P. 47.1.





[35]Teague, 2004 WL 626798, at *1-2.





[36]Id.





[37]Bishop, 131 S.W.3d at 574-75
(citing Birdo v. Schwartzer, 883 S.W.2d 386, 388 (Tex. App.CWaco 1994, no writ).





[38]See, e.g., Draughon, 112 S.W.3d at 776.