Affirmed and Memorandum Opinion filed April 6, 2006









Affirmed
and Memorandum Opinion filed April 6, 2006.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00785-CV

____________

 

RICHARD JAXSON, Appellant

 

V.

 

JAY T. MORGAN, ET
AL.,
Appellee

 



 

On Appeal from the 12th
District Court

Walker County, Texas

Trial Court Cause No. 22642

 



 

M E M O R A N D U M   O P I N I O N








Appellant, Richard Jaxson, filed in the
trial court an application for writ of mandamus to compel the Texas Department
of Criminal Justice (ATDCJ@) to provide
adequate medical care, effective access to the courts, and supplies to prepare
legal briefs.  Jaxson also complains that
he has been denied Areligious (Native American) activities@ and freedom from
censorship, harassment, and retaliation. 
The trial court determined that Jaxson=s action is a Aregular civil
lawsuit and not a mandamus@ and ordered the
Texas Attorney General to file as amicus curiae an advisory report as to
whether Jaxson had satisfied all filing requirements under Chapter 14 of the
Texas Civil Practice and Remedies Code necessary to maintain his lawsuit.  See Tex.
Civ. Prac. & Rem. Code Ann. '' 14.001B.014 (Vernon
2002).  On July 19, 2004, the Attorney
General filed an amicus curiae report advising the trial court that Jaxson had
not satisfied all requirements under Chapter 14 and recommended that Jaxson=s claims be
dismissed.  On July 26, 2004, the trial
court dismissed Jaxson=s claims as frivolous. 

On appeal, Jaxson contends the trial court
abused its discretion in dismissing his claims because he filed a writ of
mandamus to compel, not a tort action under Chapter 14.  To the contrary, Jaxson=s writ of mandamus
to compel falls within the scope of Chapter 14. 
Chapter 14 Aapplies only to a suit brought by an
inmate in district, county, justice of the peace, or small claims court in
which an affidavit or unsworn declaration of inability to pay costs is filed by
the inmate.@  Tex. Civ. Prac. & Rem. Code Ann. '14.002(a); see
also Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.CSan Antonio 2002,
pet. denied) (explaining that inmate who files a lawsuit pro se and seeks to
proceed in forma pauperis must comply with the procedural requirements of
Chapter 14).  Jaxson=s writ of mandamus
was filed in district court; he is an inmate; and he is seeking to proceed in
forma pauperis.  Jaxson may not
circumvent the requirements of Chapter 14 by labeling his lawsuit a Awrit of mandamus.@  See Carson v. Serrano, 96 S.W.3d 697,
699 (Tex. AppCTexarkana 2003, pet. denied) (rejecting
inmate=s argument that
Chapter 14 did not apply to his action because he filed a bill of review,
observing that appellant, who was an inmate, filed an affidavit of poverty with
his petition); Spellmon v. Zeller, No. 09-02-060-CV, 2002 WL 31096753,
at *1 (Tex. App.CBeaumont Sept. 9, 2002, pet. denied) (not
designated for publication) (rejecting inmate=s argument that
Chapter 14 did not apply to his suit for injunction, noting that appellant was
an inmate, filed his suit in district court, and filed an affidavit declaring
his inability to pay costs).  








We review the trial court=s dismissal of an
inmate=s claims under
Chapter 14 for an abuse of discretion.  Retzlaff
v. Texas Dep=t of Criminal Justice, 94 S.W.3d 650,
654 (Tex. App.CHouston [14th Dist.] 2002, pet.
denied).  A trial court abuses its
discretion when it acts without reference to any guiding rules and principles,
or its actions are arbitrary or unreasonable based on the circumstances of the
particular case.  Id.  Appellant bears the burden of overcoming the
presumption that the trial court=s action was
justified.  Id.  

The trial court may dismiss an inmate suit
before or after service of process if it determines the suit is frivolous or
malicious.  Tex. Civ. Prac. & Rem. Code Ann. '
14.003(a)(2).  In determining whether the
suit is frivolous or malicious, the trial court may consider whether (1) the
claim=s realistic chance
of ultimate success is slight; (2) the claim has no arguable basis in law or in
fact; (3) it is clear the party cannot prove facts in support of the claim; or
(4) the claim is substantially similar to a previous claim filed by the inmate
because it arises from the same operative facts.  Id. ' 14.003(b).  

Chapter 14 requires an inmate who files an
affidavit or unsworn declaration of inability to pay costs to file a separate
affidavit or declaration identifying all pro se lawsuits (except those filed
under the Texas Family Code) the inmate had previously filed, specifying the
operative facts for which relief was sought, the case name, the cause number,
the court in which it was brought, the names of the parties, and the result of
the suit, including whether it was dismissed as frivolous or malicious.  Id. ' 14.004(a).  The Texas Legislature enacted section 14.004
to curb the problem of constant, often duplicative, inmate litigation by
requiring the inmate to notify the trial court of previous litigation and the
outcome of such litigation.  Clark v.
J.W. Estelle Unit, 23 S.W.3d 420, 422 (Tex. App.CHouston [1st
Dist.] 2000, pet. denied); Bell v. Texas Dep=t of Criminal
Justice, 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  The trial
court can determine, based on previous filings, whether the suit is frivolous
because the inmate has already filed a similar claim.  Clark, 23 S.W.3d at 422; Bell,
962 S.W.2d at 158.  Without information on
appellant=s previous lawsuits, the trial court is
unable to consider whether appellant=s current claim is
substantially similar to a previous claim. 
Clark, 23 S.W.3d at 422; Bell, 962 S.W.2d at 158.  








A review of the record reflects that
although Jaxson filed an affidavit of poverty and a motion for leave to proceed
in forma pauperis, he did not file an affidavit or declaration identifying all
pro se lawsuits he has previously filed. 
When an inmate does not comply with the affidavit requirement of section
14.004, the trial court is entitled to assume the suit is substantially similar
to one previously filed by the inmate and, therefore, is frivolous.  Obadele v. Johnson, 60 S.W.3d 345, 348
(Tex. App.CHouston [14th Dist.] 2001, no pet.); Bell,
962 S.W.2d at 158.  Thus, because Jaxson
did not meet the affidavit requirement of section 14.004, the trial court was
entitled to assume this case was substantially similar to one previously filed
by Jaxson and dismiss his claims.  

Chapter 14 also requires the inmate to
file a certified copy of his trust account statement reflecting the balance of
the account at the time the claim is filed and activity in the account during
the six months preceding the date on which the claim is filed.  Tex.
Civ. Prac. & Rem. Code Ann. ''14.004(c) &
14.006(f).  Jaxson did not file a
certified copy of his trust account. 
Therefore, this was a proper basis on which to dismiss Jaxson=s claims.  See Thompson v. Rodriguez, 99 S.W.3d
328, 330 (Tex. App.CTexarkana 2003, no pet.) (finding trial
court was within its discretion in dismissing inmate=s suit for failing
to comply with section 14.004(c)); Hughes v. Massey, 65 S.W.3d 743, 746 (Tex.
App.CBeaumont 2001, no
pet.) (same); Williams v. Brown, 33 S.W.3d 410, 412 (Tex. App.CHouston [1st
Dist.] 2000, no pet.) (same).  








Chapter 14 further requires the inmate to
exhaust his administrative remedies in the prison grievance system as set forth
in Section 501.008 of the Texas Government Code.[1]  Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(a).  Section 14.005 requires the filing of (1) an
affidavit or unsworn declaration stating the date the grievance was filed and
the date the written decision was received by the inmate, and (2) a copy of the
written decision from the grievance system. 
Id.  Section 14.005 allows
the trial court to ensure that an inmate proceeding in forma pauperis has first
used TDCJ=s grievance procedure, if it is applicable
to his claim.  Smith v. Texas Dep=t of Criminal
Justice, 33 S.W.3d 338, 341 (Tex. App.CTexarkana 2000,
pet. denied).  The trial court is further
entitled to use an inmate=s failure to file a section 14.005
affidavit or unsworn declaration in making its determination under section
14.003(a).  Draughon v. Cockrell,
112 S.W.3d 775, 776 (Tex. App.CBeaumont 2003, no
pet.).  At the time he filed his writ of
mandamus, Jaxson did not file an affidavit or unsworn declaration stating the
date his grievance was filed and the date he received such written decision, or
file a copy of the written decision; therefore, it was not error for the trial
court to dismiss Jaxson=s claims. 
Jaxson=s issue is overruled.

Accordingly, the judgment of the trial
court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 6, 2006.

Panel
consists of Justices Hudson, Frost, and Seymore.











[1]  Tex.
Gov=t Code Ann. ' 501.008 (Vernon 1998).