

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00245-CV

**MARSA HALL,**

**Appellant**

 **v.**

**CHARLES C. BELL, TONY R. O'HARE,
KEVIN MAYFIELD AND JOHN DOE,**

**Appellees**

### From the 278th District Court
### Walker County, Texas
### Trial Court No. 24,621

## MEMORANDUM  OPINION

Marsa Hall, a prisoner, appeals the dismissal of his lawsuit against several employees of the Texas prison system.  The trial court dismissed his lawsuit as being frivolous.  We affirm.

Hall filed a brief in this appeal in September.  Soon thereafter, he filed a motion to strike his brief and a motion to stay the appeal.  In October, Hall filed another motion to strike his brief.  From those pleadings, it appeared Hall conceded that there were Chapter 14 requirements with which he failed to comply.  *See* TEX. CIV. PRAC. & REM.

CODE ANN. §§ 14.004 (Affidavit Relating to Previous Filings) and 14.005 (Grievance System Decision/Exhaustion of Administrative Remedies) (Vernon 2002). The trial court does not abuse its discretion in dismissing a suit under either section. *See Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.); *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.--Waco 1996, no pet.). Further, under such circumstances, the trial court does not err in dismissing the proceeding as long as the dismissal is without prejudice. *See Hickman v. Adams*, 35 S.W.3d 120, 124 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The trial court's dismissal in this proceeding was without prejudice.

In an order issued on October 7, 2009, we notified Hall that we saw no reason not to affirm the trial court's dismissal since Hall conceded the failure to fully comply with Chapter 14 and since the dismissal was without prejudice. We further warned Hall that unless Hall, or any party desiring to continue this appeal, showed a reason why these motions should not be denied and this appeal affirmed, within 21 days from the date of the order, the Court would render an opinion and judgment to that effect.

Hall responded to our order and again conceded that he failed to file an affidavit relating to previous filings and failed to file an affidavit regarding the exhaustion of his administrative remedies. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.004 (Affidavit Relating to Previous Filings) and 14.005 (Grievance System Decision/Exhaustion of Administrative Remedies) (Vernon 2002). He again asks that we grant his motions to strike his brief and his motion to stay the appeal. However, because Hall concedes in his motions and in his response that he has not complied with the procedural

requirements of Chapter 14, we find that the trial court did not err in dismissing his

suit.  Accordingly, his motions to strike and motion to stay are denied and the trial

court's judgment is affirmed.


                                TOM GRAY
                                Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Motions denied
Affirmed
Opinion delivered and filed November 10, 2009
[CV06]