Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-10-00042-CV

Tracey W. **MURPHY**,
Appellant

v.

Hugh **GREEN** and Joel Barbarosa,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 08-08-00135-CVK
Honorable Donna S. Rayes, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed:  November 24, 2010

AFFIRMED

Appellant Tracey Murphy appeals the dismissal of his suit against Appellees Hugh Green and Joel Barbarosa. Because Murphy's suit failed to comply with the statutory requirements for inmate litigation, we affirm the judgment of the trial court.

## BACKGROUND

Appellant Murphy is an inmate at the Connally Unit in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID).  Murphy, acting pro se and in forma pauperis,

filed suit against Green and Barbarosa under 42 U.S.C. § 1983, the Texas Tort Claims Act, and the Texas Penal Code, seeking expungement of a disciplinary report falsely filed against him among other complaints.[1] Green and Barbarosa are both TDCJ-ID employees. The employees filed an answer to the petition, denying the allegations and asserting their entitlement to immunities. Because Murphy filed an affidavit of inability to pay costs of court, he was subject to the requirements of Chapter 14 of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE ch. 14.

Green and Barbarosa filed a motion to dismiss for failure to comply with the statutory requirements of Chapter 14. Following a telephone conference hearing, the case was dismissed based on (1) the failure to comply with the requirements for the affidavit of previous filings; (2) the failure to file a claim before the 31st day after the inmate receives the written decision from the grievance system; and (3) the frivolousness of Murphy's claims. Murphy appeals the dismissal of his suit.[2]

### STANDARD OF REVIEW

We review a dismissal of an inmate's suit that is subject to the inmate litigation requirements of the Texas Civil Practice & Remedies Code for an abuse of discretion. *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied). A trial court abuses its discretion if it acts without reference to any guiding rules or principles. *Id.*

### PROCEDURES CONTROLLING INMATE SUITS

In part to conserve judicial resources, the Texas Legislature created special procedures controlling inmate suits for those inmates who declare they are unable to pay the costs of their

---

[1] Murphy also claimed that he was harassed and retaliated against by the Appellees and that Green specifically gave his name to another inmate in violation of policy.

[2] Murphy's brief contains seven issues, six of which are related to the trial court's dismissal, and one relating to the timeliness of his appeal.

suit. *See Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App.—Fort Worth 2008, no pet.). The inmate must comply with the procedural requirements set forth in Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (West 2002). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Lilly*, 100 S.W.3d at 336.

## A. Texas Civil Practice & Remedies Code Section 14.005

Murphy claims that the trial court erred in dismissing his suit based on his failure to file suit within the prescribed statutory time period. To establish the exhaustion of administrative remedies, an inmate must submit an affidavit stating the date he received the written response to his Step 2 grievance. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(a)(1) (West 2002); *Crain v. Prasifka*, 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi 2003, pet. denied). The trial court must dismiss the inmate's claim if it is not filed before the 31st day after receiving the foregoing response. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (West 2002); *Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004). "[I]t is incumbent on the inmate to provide the required information [under section 14.005] before it comes to the trial court for review." *Smith v. Tex. Dep't of Criminal Justice-Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. dism'd w.o.j.).

In Murphy's first declaration of exhaustion of administrative remedies, he states that he filed his Step 1 grievance on May 14, 2008. He received his Step 1 grievance decision from the unit grievance department on June 4, 2008, and appealed by filing a Step 2 grievance on June 8, 2008. According to his first declaration, he received the Step 2 grievance response on July 2, 2008. This lawsuit was filed on August 19, 2008, which is over thirty-one days after he received his Step 2 grievance. Murphy later amended his declaration to state that he received the Step 2 response on July 16, 2008.

Section 14.005(b) mandates that the trial court dismiss a claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Based on the record, the trial court could find that Murphy's second declaration was not credible, and because Step 2 is the last level in the grievance process, Murphy had thirty-one days from July 2, 2008, to file suit in state court. *See id.* Murphy did not file suit until August 19, 2008. As a result, the trial court could reasonably find that Murphy failed to fulfill the temporal requirement set out in section 14.005(b) of the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see also Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.).

## B. Texas Civil Practice & Remedies Code Sections 14.003 and 14.004

We next turn to Murphy's remaining issues. Section 14.003 gives a trial court broad discretion to dismiss a claim filed by an indigent inmate if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 2002); *Lilly*, 100 S.W.3d at 337.

> In determining whether a claim is frivolous or malicious, the court *may* consider whether:
>
> (1) the claim's realistic chance of ultimate success is slight;
> (2) the claim has no arguable basis in law or in fact;
> (3) it is clear that the party cannot prove facts in support of the claim; or
> (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts.

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1)–(4) (emphasis added). Upon a finding of *any* of the preceding, the court may dismiss the claim as frivolous or malicious. *Id*. Under this record, we turn to consideration four—whether the claim is substantially similar to a previously filed claim. Our review also takes into account section 14.004, which permits a trial court to

assume pending litigation is similar to prior litigation when the operative facts of the prior litigation are not disclosed in required filings. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004.

To prevent frivolous suits, section 14.004 requires inmates to file a detailed affidavit describing previous filings. *Id.* An inmate must file a separate affidavit or declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id.* § 14.004(a)(2)(A). "The purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Clark v. Unit*, 23 S.W.3d 420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). If the inmate's affidavit fails to provide the required information, the trial court may "assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell v. Tex. Dept. of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *see also Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (placing the burden on the inmate to provide the required information); *Clark*, 23 S.W.3d at 422 (affirming a dismissal where the inmate failed to provide the operative facts in the affidavit).

In his initial declaration of previous filings, Murphy disclosed two previous lawsuits: *Murphy v. Cockrell*, a federal case dismissed with prejudice, and *Murphy v. Dretke*, a federal habeas case that was dismissed. No description of operative facts was provided. Murphy later supplemented the filing with a description of a case called *Murphy v. Trent*, involving destruction of personal property in retaliation, and negligence of public servants. No further facts were provided. Murphy's declarations did not provide sufficient evidence of the operative facts whereby the trial court could determine whether the current litigation is similar to previously filed matters. *See Bell*, 962 S.W.2d at 158. Because Murphy did not comply with the

mandatory requirements of section 14.004, the trial court could have properly found the present matter to be substantially similar to one previously filed by Murphy and, therefore, frivolous. *See id.*

## CONCLUSION

Having reviewed the record, we hold the trial court did not abuse its discretion in dismissing Murphy's suit because Murphy failed to comply with the mandatory statutes regulating inmate litigation contained in Chapter 14 of the Texas Civil Practice & Remedies Code. Accordingly, we affirm the trial court's dismissal.


Rebecca Simmons, Justice