

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00117-CR

_____

IN RE RUSSELL THOMAS HIRNER

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

Russell Thomas Hirner has filed a pro se petition for a writ of mandamus complaining of the trial court's failure to rule on a motion for entry of a judgment nunc pro tunc. We deny the requested relief.

Hirner complains that the presiding judge of the 188th Judicial District Court of Gregg County, Texas, has failed to rule on his motion for entry of a judgment nunc pro tunc. Hirner attached a file-stamped copy of the motion to his petition showing that it was filed on May 2, 2022. He claims that his motion was accompanied by a cover letter asking the district clerk of Gregg County to bring the motion to the trial court's attention and that he sent a follow-up letter on July 25, 2022, inquiring as to the status of the motion and again requesting that it be brought to the court's attention. Hirner contends that the trial court has had ample time to rule on his motion but has failed to do so.

We may grant a petition for a writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial.[1] *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding). A trial court has a ministerial duty to consider and rule on a properly filed, pending motion within a reasonable time. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana

[1]"It is the relator's burden to provide this Court with a sufficient record to establish his or her right to mandamus relief." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Our appellate rules require that the appendix contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," TEX. R. APP. P. 52.3(k)(1)(A), and that the record contain "a certified or sworn copy of every document that is material to the relator's claim and that was filed in any underlying proceeding," TEX. R. APP. P. 52.7(a)(1). In addition, the rules require that the record contain "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

2005, orig. proceeding). While we have mandamus jurisdiction to direct the trial court to make a ruling, we may not tell the trial court what that decision should be. *In re Blakeney*, 254 S.W.3d at 661. "Any such mandamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Id.*

In order to satisfy the presentment requirement, Hirner was required to (1) bring his motion to the attention of the proper trial court and (2) make a clear request for a ruling on that motion. *See id.* at 662.[2] Here, the appendix to Hirner's petition fails to include file-stamped copies of the letters he sent to the district clerk, sworn copies of the letters verified with an affidavit or unsworn declaration, or other evidence that his motion was brought to the court's attention.[3] *See id.*; *see also* TEX. R. APP. P. 52.3(k)(1)(a), 52.7(a)(1).

Therefore, Hirner has not established a right to mandamus relief, and we deny his petition.

Charles van Cleef
Justice

Date Submitted: September 14, 2022
Date Decided: September 15, 2022

Do Not Publish

---

[2]Typically, presentment may be accomplished by means of a letter from the relator directly to the judge of the trial court enclosing the motion on which a ruling is requested and clearly requesting a ruling.

[3]The petition also fails to include an affidavit or other verification of the factual statements in the petition. *See* TEX. R. APP. P. 52.3. To the extent that the relator is an inmate, statute permits him to substitute an unsworn declaration for the affidavit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a). An unsworn declaration must be in writing and subscribed by the person making the declaration as true under penalty of perjury. TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(c); *Draughon v. Cockrell*, 112 S.W.3d 775, 776 n.2 (Tex. App.—Beaumont 2003, no pet.).