Dashun HATCHER, Appellant,

v.

TDCJ–INSTITUTIONAL DIVISION,
Appellee.

No. 06–07–00046–CV.

Court of Appeals of Texas,
Texarkana.

Submitted July 30, 2007.

Decided Sept. 4, 2007.

Rehearing Overruled Sept. 25, 2007.

DaShun Hatcher, Tennessee Colony, TX, pro se.

M. Carol Gardner, Asst. Atty. Gen., Austin, TX, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice MOSELEY.

DaShun Hatcher, an inmate within the Institutional Division of the Texas Department of Criminal Justice (hereinafter TDCJ–ID), appeals the trial court's dismissal of his lawsuit against the TDCJ–ID. Hatcher's lawsuit sought judicial review of the TDCJ–ID's disciplinary review hearing that had denied Hatcher's inmate grievance. *See* Tex. Gov't Code Ann. § 501.008 (Vernon 2004) (outlining procedure for inmate grievance system). Hatcher raises three points of error in his appeal. The State did not favor us with a responsive brief. For the reasons stated below, we affirm the trial court's judgment.

## I. Factual and Procedural Background

The limited record before us indicates that in March 2006, a fight broke out in the prison recreation yard at the facility where Hatcher was incarcerated. A prison guard told the TDCJ–ID administrative hearing official that Hatcher had been involved in the fight. Hatcher denied his involvement, and he now claims that the only reason the guard identified Hatcher as a participant in the fight is because Hatcher is black[1] (the participants in the fight had been described as black or Hispanic) and because a "rec yard log" showed Hatcher as being in the prison recreation yard when the fight broke out.

An administrative hearing official within the TDCJ–ID found Hatcher had violated the prison's rules by being involved in a fight. As a result, Hatcher's inmate classification was raised from a low-risk prisoner to a medium-risk prisoner, he lost one year of good time credit, lost forty-five days of commissary privileges, and was placed on cell restriction for forty-five days. Hatcher filed Step 1 and Step 2 grievances within the TDCJ–ID in an attempt to have his good time credit restored and his inmate risk classification lowered, but these attempts were unsuccessful. The last of these administrative review proceedings was completed on June 9, 2006.

Hatcher filed the current lawsuit on July 11, 2006, in the district court of Anderson County to seek judicial review of the TDCJ–ID's administrative hearing decisions. The trial court dismissed Hatcher's lawsuit on December 14, 2006, and assessed court costs against Hatcher. Hatcher filed a motion for reinstatement on January 25, 2007, which was never ruled upon by the trial court. Hatcher then perfected his appeal to the Twelfth Court of Appeals.[2]

---

1. "Black" is the term Hatcher uses throughout his pleadings to describe his racial composition.

2. The Texas Supreme Court subsequently transferred this case to the Sixth Court of Appeals pursuant to its docket equalization authority. *See* Tex. Gov't Code Ann. § 73.001 (Vernon 2005); *Miles v. Ford Motor Co.,* 914 S.W.2d 135, 137 (Tex.1995).

## II. Analysis of Issues Presented

■ Hatcher's three points of error each concern the propriety of the trial court's judgment of dismissal. "A trial court's dismissal of a lawsuit brought by an inmate who has filed an affidavit or declaration of inability to pay costs is reviewed under the abuse of discretion standard." *Francis v. TDCJ–CID*, 188 S.W.3d 799, 801 (Tex.App.-Fort Worth 2006, no pet.). "To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985)). Even though we might be inclined to decide the issue differently from the trial court, that happenstance, in and of itself, does not demonstrate an abuse of discretion. *Id.* Nor does an abuse of discretion occur when the trial court's decision is supported by substantive evidence in the record. *Id.* (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex.2002)).

### A. Court Costs

In his first point of error, Hatcher contends the trial court abused its discretion by assessing court costs which were not in accord with Chapter 14 of the Texas Civil Practice and Remedies Code. Rule 14.006 of the Texas Civil Practice and Remedies Code provides:

(a) A court may order an inmate who has filed a claim to pay court fees, court costs, and other costs in accordance with this section and Section 14.007. . . . .

(b) On the court's order, the inmate shall pay an amount equal to the lesser of:

(1) 20 percent of the preceding six months' deposits to the inmate's trust account; or

(2) the total amount of court fees and costs.

(c) In each month following the month in which payment is made under Subsection (b), the inmate shall pay an amount equal to the lesser of:

(1) 10 percent of that month's deposits to the trust account; or

(2) the total amount of court fees and costs that remain unpaid.

(d) Payments under Subsection (c) shall continue until the total amount of court fees and costs are paid or until the inmate is released from confinement.

. . . .

(h) The court may dismiss a claim if the inmate fails to pay fees and costs assessed under this section. . . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 14.006 (Vernon 2002).

■ Hatcher now contends the trial court erred by assessing court costs against him in excess of the amount authorized by Section 14.006. Hatcher suggests in his appellate brief that a hold has been placed on his inmate trust account for the full $268.00 in court costs.

The thrust of Hatcher's appellate complaint is his belief that Article 14.006 serves to cap the amount of court costs the trial court can order him to pay at twenty percent of the balance of his inmate trust account's deposits for the preceding six months. Hatcher is, however, incorrect in his interpretation of the statute. Rather than limit the court costs that may be assessed against a prison inmate at twenty percent of his inmate trust account's deposits for the preceding six months, the plain language of Article 14.006 clearly sets out a payment schedule whereby the TDCJ–ID is instructed to submit periodic payments for the total court costs assessed based on the amounts deposited in the inmate's trust account. *See id.*

In this case, the trial court's order of dismissal directed Hatcher to pay "an amount equal to the lesser of: 1) 20 percent of the preceding six month [sic] deposits to the inmate's trust account; or 2) the total amount of court fees and costs charged to the inmate in this cause." The trial court's order further ordered that Hatcher continue to pay court costs at the monthly rate of ten percent of his trust account's funds until the total court costs had been paid in full. The trial court's order directing Hatcher to pay court costs clearly mirrors the language of Article 14.006. *Contrast In re Carson,* 12 S.W.3d 886, 887–88 (Tex.App.-Texarkana 2000, orig. proceeding) (trial court erroneously entered an order for the full amount of court costs against inmate; statute required a specific payment schedule if twenty percent of the inmate's trust account insufficient to pay court costs in full). No abuse of discretion has been shown regarding the trial court's judgment against Hatcher for court costs. The trial court's order follows the statutory scheme authorized by the state legislature. We overrule Hatcher's first point of error.

## B. Dismissal Pursuant to Article 14.005

In his next appellate issue, Hatcher contends the trial court erred by dismissing his complaint pursuant to Article 14.005 of the Texas Civil Practice and Remedies Code. That law provides:

(a) An inmate who files a claim that is subject to the grievance system established under Section 501.008, Government Code, shall file with the court:

(1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision described by Section 501.008(d), Government Code, was received by the inmate; and

(2) a copy of the written decision from the grievance system.

(b) A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

(c) If a claim is filed before the grievance system procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed 180 days to permit completion of the grievance system procedure.

TEX. CIV. PRAC. & REM.CODE ANN. § 14.005 (Vernon 2002).

The TDCJ–ID administrative hearing officer denied Hatcher's "Step 2" grievance on June 9, 2006.[3] The certification included in Hatcher's original pleading with the trial court suggests Hatcher gave his district court complaint to prison officials for placement in the United States mail on July 6, 2006. Mysteriously, however, Hatcher's package was not actually mailed until July 10, 2006. Nevertheless, Hatcher's original petition was timely mailed to the district court, despite the TDCJ–ID's unexplained four-day delay in submitting the package to the postal service.[4]

---

3. In his brief to this Court, Hatcher contends he did not receive the written notice of the resolution of his "Step 2" grievance until June 20, 2006. Hatcher does not cite any portion of the record to support this claim, nor have we found such support during our independent review of the appellate record.

4. Twenty-two days lapsed between June 9 and June 30; six days lapsed between July 1 and July 6. That amounts to twenty-eight days between the time of the administrative hearing judge's ruling on Hatcher's "Step 2" grievance and the time Hatcher's original pleading was given to the TDCJ–ID officials for mailing.

Hatcher's original petition for judicial review did not include the unsworn declaration required by Section 14.005(a)(1). Hatcher concedes this point on appeal, but nevertheless contends that because he later supplemented the missing affidavit via a July 31, 2006, motion to amend his original complaint, the trial court should not have dismissed his complaint.

In *Draughon v. Cockrell,* a pro se inmate sought judicial review of his complaints against several prison officials for failing to continue offering repair service for the typewriter he purchased through the prison commissary. 112 S.W.3d 775, 776 (Tex.App.-Beaumont 2003, no pet.). The inmate's original petition did not include the affidavit required by Section 14.005 stating "the date a grievance was filed and the date a written decision was received. . . ." *Id.* The trial court dismissed Draughon's petition. *Id.* On appeal, the appellate court affirmed, noting the trial court has broad discretion to dismiss an inmate's lawsuit when the inmate fails to file the affidavit required by Article 14.005 of the Texas Civil Practice and Remedies Code. *Id.; see also Lamotte v. Wickersham,* No. 10–04–00250–CV, 2005 Tex.App. LEXIS 4855, at *4, 2005 WL 1484029, at *2 (Tex.App.-Waco June 22, 2005, no pet.) (mem.op.).

■ In this case, Hatcher admits that he failed to include the affidavit required by Article 14.005. Hatcher did, however, file a motion to amend his original petition, and that proposed amendment did include an affidavit similar to what is required by Article 14.005. Nevertheless, Hatcher failed to sign the affidavit that was a part of the motion to amend. Nor did he sign any other portion of the document that comprised his motion to amend, with the singular exception of his certificate of service. An affidavit must be signed by the affiant for such an instrument to have any

effect. *See* BLACK'S LAW DICTIONARY 62 (8th ed.2004); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 132.003 (Vernon 2005) (setting forth form for inmate's unsworn affidavit, including requirement of signature attesting to truth of foregoing instrument); *cf. Davis v. Sherrill,* 52 Tex.Civ. App. 259, 113 S.W. 556, 557 (Dallas 1908, no writ). Here, neither Hatcher's motion to amend, nor his supporting affidavit, were signed. Therefore, inasmuch as Hatcher failed to provide a signed affidavit which could have otherwise been deemed adequate under Section 14.005, we cannot say the trial court abused its discretion by dismissing Hatcher's petition for statutory noncompliance. We overrule this second issue.

## C. Failure to Hold a Hearing on Hatcher's Motion for Reinstatement

■ In his final point of error, Hatcher contends the trial court erred both by failing to conduct an oral hearing on his motion to reinstate and by failing to grant his motion to reinstate. We review a trial court's ruling on a motion to reinstate for abuse of discretion. *Keough v. Cyrus USA, Inc.,* 204 S.W.3d 1, 3 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (citing *Polk v. Sw. Crossing Homeowners Ass'n,* 165 S.W.3d 89, 96 (Tex.App.-Houston [14th Dist.] 2005, pet. denied)). "If an order dismissing a case does not state the grounds on which it was granted, the party seeking reinstatement must negate all possible grounds for dismissal." *Id.* (citing *Shook v. Gilmore & Tatge Mfg. Co., Inc.,* 951 S.W.2d 294, 296 (Tex.App.-Waco 1997, pet. denied)).

Hatcher's motion for reinstatement did not address the failure of his "motion to amend" to include a proper affidavit. We have already concluded that this was a proper basis for dismissal of Hatcher's petition. Therefore, inasmuch as the lack of a proper affidavit supported the trial

court's order of dismissal, and inasmuch as Hatcher failed to address the issue concerning his failure to provide an adequate affidavit within his "motion to amend," we cannot say that the trial court erred by either failing to conduct a live hearing on Hatcher's motion or by failing to grant Hatcher's motion for reinstatement. No abuse of discretion has been shown.

## III. Conclusion

For the reasons stated, we overrule each of Hatcher's points of error and affirm the trial court's judgment.