Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00268-CV and 04-09-00269-CV

Hubert **WARREN**,
Appellant

v.

**EMPLOYEES OF TDCJ-ID**, Larry E. Bosch, et. al.,
Appellees

From the 218th Judicial District Court, Karnes County, Texas
Trial Court No. 07-12-00178-CVK
Honorable Stella Saxon, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  June 2, 2010

AFFIRMED

Appellant Hubert Warren appeals the dismissal of his suit against the Institutional Division of the Texas Department of Criminal Justice and Larry E. Bosch.  Because Warren's suit failed to comply with the statutory requirements for inmate litigation, we affirm the judgment of the trial court.

## FACTUAL BACKGROUND

Appellant Warren is an inmate in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID). After Warren filed several grievances against TDCJ-ID and Bosch (collectively TDCJ), and received the State's responses, he sued TDCJ in state district court for retaliation, harassment, discrimination, and use of unnecessary force. Warren sued pro se and in forma pauperis. Warren's original petition of December 10, 2007 was amended on August 27, 2008 to include Defendant Bosch. On April 20, 2009, Bosch filed a motion to dismiss alleging that: (1) Warren failed to exhaust his administrative remedies; (2) Warren failed to file an affidavit of previous filings; (3) Warren failed to file a certified copy of his inmate trust account; and (4) Warren's claims have no arguable basis in law or fact. On April 24, 2009, the trial court dismissed the suit with prejudice. In its order dated April 24, 2009, the trial court dismissed all of Warren's claims with prejudice as frivolous, but did not state the basis for its order. Warren appeals the dismissal of his suit.

## STANDARD OF REVIEW

We review a dismissal of an inmate's suit that is subject to the inmate litigation requirements of the Texas Civil Practice and Remedies Code for an abuse of discretion. *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.—San Antonio 2002, pet. denied); *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 654 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (citing *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ)).

## PROCEDURES CONTROLLING INMATE SUITS

In part to conserve judicial resources, the Texas Legislature created special procedures controlling inmate suits for those inmates who declare they are unable to pay the costs of their suit. *See Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App.—Fort Worth 2008, no pet.)

(citing *Hickson*, 926 S.W.2d at 399). The inmate must comply with the procedural requirements set forth in Chapter 14. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those procedural requirements will result in dismissal of an inmate's suit. *Bell v. Texas Dep't of Crim. Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

## A. Texas Civil Practice and Remedies Code Section 14.003

Warren first contends that the trial court denied him due process by failing to hold a hearing on the motion to dismiss. Section 14.003(c) plainly states that it is within the discretion of the trial court to hold a hearing. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c) (Vernon 2002). The statute uses the word ***may***, but a hearing is not required prior to a trial court dismissing the claim if it finds that it is frivolous. *Id.* More specifically, under Chapter 14, the trial court may hold a dismissal hearing pursuant to Section 14.003, "with or without notice to the inmate, with or without the submission of evidence, and with or without the inmate's requested presence via video teleconference." *Sweed v. City of El Paso*, 139 S.W.3d 450, 454 (Tex. App.—El Paso 2004, no pet.); *Williams v. Tex. Dept. of Crim. Justice-Institutional Div.*, No. 01-05-01177-CV, 2007 WL 1412885, at *3 (Tex. App.—Houston [1st Dist.] May 10, 2007, no pet.) (mem. op.). Accordingly, the trial court did not violate Warren's due process rights in failing to hold a hearing.

## B. Texas Civil Practice and Remedies Code Section 14.004

To prevent frivolous suits, section 14.004 requires inmates to file a detailed affidavit describing previous filings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004. "The purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome." *Clark v. Unit*, 23 S.W.3d

420, 422 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). If the inmate's affidavit fails to provide the required information, the trial court "is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." *Bell*, 962 S.W.2d at 158; *see also Thompson v. Rodriguez*, 99 S.W.3d 328, 330 (Tex. App.—Texarkana 2003, no pet.) (placing the burden on the inmate to provide the required information); *Clark*, 23 S.W.3d at 422 (affirming a dismissal where the inmate failed to provide the operative facts in the affidavit).

Warren's original petition did not include any such affidavit or declaration. Thus, the State argues that Warren's failure to comply with section 14.004 is basis alone for the trial court to dismiss the suit. In Warren's response to TDCJ's motion to dismiss, Warren admitted he failed to provide the required affidavit because: (1) he was "[i]gnoran[t] of the requirement"; and (2) he "[could] not remember all of the details" of his previous suits. Later, Warren submitted another pleading but again did not include a compliant affidavit. The burden to provide such information rests on the pro se litigant. *See Clark*, 23 S.W.3d at 42 (refusing to hold that trial court must sift through numerous documents to find information required by section 14.004). Because the record does not show that Warren filed an affidavit or declaration properly "describing each suit that [he] previously brought," we cannot say the trial court abused its discretion in dismissing Warren's suit. *See id.*; *Bell*, 962 S.W.2d at 158 (concluding that dismissal of the suit is warranted when Chapter 14's procedural requirements have not been met).

## C.  Texas Civil Practice and Remedies Code Section 14.005

Another basis for dismissal was Warren's failure to timely file his suit. To establish the inmate's exhaustion of his administrative remedies, the inmate must submit an affidavit stating when he received the written response to his step 2 grievance. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 14.005(a)(1); TEX. GOV'T CODE ANN. § 501.008 (Vernon 2004) (requiring inmate grievances be exhausted before an inmate can file suit); *Crain v. Prasifka*, 97 S.W.3d 867, 870 (Tex. App.—Corpus Christi 2003, pet. denied). The trial court must dismiss the inmate's claim if it is not timely filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (instructing the trial court to dismiss a claim not filed "before the 31st day after the date the inmate receives the written decision from the grievance system"); *Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004). "'[I]t is incumbent on the inmate to provide the required information [under section 14.005] before it comes to the trial court for review.'" *Francis v. TDCJ-CID*, 188 S.W.3d 799, 804 (Tex. App.—Fort Worth 2006, no pet.) (quoting *Smith v. Tex. Dep't of Crim. Justice-Institutional Div.*, 33 S.W.3d 338, 341 (Tex. App.—Texarkana 2000, pet. denied)).

The incident that is the subject of Warren's suit occurred on August 18, 2007. On September 6, 2007, Warren submitted a step 1 grievance regarding the incident. Warren received a decision on September 19, 2007 from his step 1 grievance stating that an investigation had been conducted, and there was no evidence to support Warren's claim. Warren then filed a step 2 grievance, the administrative review of a step 1 grievance, regarding the same incident. On October 19, 2007, the step 2 grievance was returned stating that the issue was appropriately addressed in the step 1 investigation, and that no further action would be taken.

Section 14.005(b) mandates that the trial court dismiss a claim if the inmate fails to file a claim before the thirty-first day after the date the inmate receives the written decision from the grievance system. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Because step 2 is the last level in the grievance process, Warren had thirty-one days from October 19, 2007 to file a claim in state court. *See id.* Warren did not file suit until December 10, 2007. *See id.* Moreover, Warren failed to file the affidavit providing the trial court with the information needed to

determine compliance with section 14.005(b). *Id.*; *see also Hatcher v. TDCJ-Institutional Div.*, 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied); *Cunningham v. Mosley*, No. 09-04-00154-CV, 2005 WL 267835 (Tex. App.—Beaumont Feb. 3, 2005, no pet.) (mem. op.). As a result, Warren failed to fulfill the temporal requirement set out in 14.005(b) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b); *see also Draughon v. Cockrell*, 112 S.W.3d 775, 776 (Tex. App.—Beaumont 2003, no pet.).

## CONCLUSION

Having reviewed the record, we find that Warren failed to comply with the mandatory statutes regulating inmate litigation in Chapter 14 of the Texas Civil Practice & Remedies Code, and, thus, the trial court did not err in dismissing his suit with prejudice. Accordingly, we overrule Warren's issues on appeal.

Rebecca Simmons, Justice