**Christopher Lee PHILLIPS, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 10–09–00260–CR.**

Court of Appeals of Texas, Waco.

Dec. 15, 2010.

---

Lane D. Thibodeaux, Law Office of Lane D. Thibodeaux, Bryan, TX, for Appellant.

Bill R. Turner, Brazos County District Attorney, Bryan, TX, for Appellee.

Before Chief Justice GRAY, Justice REYNA, and Justice DAVIS.

## ABATEMENT ORDER

PER CURIAM.

This order is an effort by this Court, working with the trial court, under the current version of the rules of appellate procedure to ensure that the appellate record is timely filed. TEX.R.APP. P. 35.3(c). This order is also a departure from previous orders of this Court and is our effort to empower the trial court and parties with a procedure to obtain a timely record by establishing a more formal and certain process for early intervention upon the identification of potentially late filed records.

As stated above, the responsibility for assuring the record is timely filed is now the responsibility of the appellate court and the trial court, jointly. TEX.R.APP. P. 35.3(c). Previously, prior to the current rule, it was the responsibility of the litigants to ensure the timely filing of the record. TEX.R.APP. P. 53(k), amended eff. Sept. 1, 1997. This is not to say, however, litigants are prohibited from participating in the process. We believe the attorneys representing the parties play a valuable role in assisting the Courts by appearing at any hearing ordered and (1) making a record of the reason(s) the record has not been timely filed and (2) making a record of the actual or potential prejudice to the parties when a record is filed late.

### BACKGROUND

The reporter's record in this appeal was originally due on August 3, 2009. TEX.

R.APP. P. 35.2(a). Two reporters were responsible for the preparation of this record. The first reporter received an extension of time to September 30, 2009 to file the record. On that date, the Court received a notice from the first reporter explaining that she could not file the reporter's record because the second reporter had not completed her portion of the reporter's record. Both reporters received an extension to November 5, 2009 to file the record. No reporter's record was filed. On January 5, 2010, the Court received a request for extension of time from the second reporter, Helen Wooten. The request was granted, and the date to file the reporter's record was extended until February 11, 2010. Meanwhile, on January 22, 2010, the portion of the reporter's record from the first reporter was received.

The portion of the reporter's record from Helen Wooten was not filed. On March 24, 2010, the Clerk of this Court notified Wooten that her portion of the reporter's record had not been filed and that she had previously indicated it would be filed by February 11, 2010. Wooten was given 10 days to contact the Court. On April 5, 2010, Wooten requested another extension of time to file her portion of the reporter's record. The request was granted and the date to file her portion of the reporter's record was extended to May 3, 2010. Wooten was warned that if the record was not filed by May 3, 2010, the matter would be referred to the Court. Wooten's portion of the reporter's record was not filed.

In an order dated May 19, 2010, this Court held:

It is the joint responsibility of this Court and the trial court to ensure that the appellate record is timely filed. TEX. R.APP. P. 35.3(c). Further, this Court may enter any order necessary to en-

sure the timely filing of the appellate record. *Id.* Accordingly, Helen Wooten's portion of the reporter's record is ORDERED to be filed no later than 7 days from the date of this order.

Failure to file the reporter's record as herein ordered will result in an abatement order for the trial court, the Honorable J.D. Langley of the 85th District Court, to determine, working with the deputy reporter, Helen Wooten, a date certain by which the supplemental (sic) reporter's record will be filed. ·

Even after issuance of the May 19, 2010 order, Wooten's portion of the reporter's record was not filed.

We abated this appeal on June 2, 2010 to the trial court so that the trial court could determine a date certain by which Wooten's portion of the reporter's record would be filed. By written order, the trial court relayed that Wooten assured the trial court the record would be filed with this Court by Friday, June 25, 2010. The trial court also recommended that this Court grant Wooten one last extension of time to file her portion of the record to June 25, 2010.

We then reinstated the appeal and ordered Wooten to file her portion of the record by 10:00 a.m. on June 25, 2010. The record was not filed.

By letter dated July 5, 2010, the Clerk of this Court provided a schedule of overdue records to Wooten and requested that Wooten enter a date and initial for each case and return to the Clerk by fax no later than 5:00 p.m. on Tuesday, July 6, 2010. Wooten was informed that it was imperative that the deadline date given for each case be a date by which she felt certain the reporter's records could be filed. Wooten returned the schedule and entered July 26, 2010 as the date this record would be filed. On July 8, 2010, the Court ordered the record to be filed by July 26, 2010.

On July 26, 2010, two volumes of record were received from Wooten. The Clerk noticed, however, that the record was still not complete. On July 30, 2010, the Clerk spoke with Wooten who stated that another volume should have been delivered. She said she would talk to her office and get back with the Clerk. On August 6, 2010, the two volumes which had been received on July 26 were picked up by Wooten's court reporting firm. The Clerk left messages with Wooten on August 10, 2010 and August 11, 2010 regarding the status of the record. The Clerk's calls were not returned.

The Clerk was finally able to reach Wooten by telephone on October 12, 2010. Wooten informed the Clerk that the record was at a typist who would not return any of Wooten's calls. Wooten also told the Clerk that she would send a letter to the Court explaining her situation. .No letter was sent, and the Clerk has had no further communications from Wooten.

To this date, Wooten's portion of the record in this appeal has not been filed. The record is now over one year past due. Since the date of the Clerk's last conversation with Wooten, the Court has received a motion from appellant's counsel for this Court to initiate contempt proceedings against Wooten.

### ORDER

This appeal is ORDERED abated to the trial court, the 85th District Court, the Honorable J.D. Langley, presiding, to hold a hearing as soon as practicable but not later than 28 days after the date of this Order to determine:

(1) The reason for the lack of response from Helen Wooten;

(2) The reasons why Helen Wooten's portion of the reporter's record is late;

(3) A date certain when Helen Wooten's portion of the reporter's record can rea-

sonably be transcribed into written form and filed in a manner that does not further delay the prosecution of this appeal or have the practical effect of depriving appellant of his right to appeal; and

(4) Whether Helen Wooten is in contempt of court by having failed to file the record with this Court by the date set by order of the Court upon her representation of the date the record would be filed.

Counsel for the parties are ordered to assist the trial court in making its determinations through subpoena and questioning of Helen Wooten and any other necessary witnesses. Helen Wooten shall closely examine her professional and personal schedules and provide those schedules to the trial court in an effort to assist the trial court with a determination of a date certain that her portion of the reporter's record will be filed. The parties' counsel shall also make the trial court aware of any actual or potential prejudices to the parties by the lateness of this reporter's record.

The trial court must order Helen Wooten to file the record by the date determined. Further, if at this hearing the trial court does not find Helen Wooten to be in contempt of court, the trial court must inform Helen Wooten of the consequences of failing to file the record by the date determined and ordered. Those consequences include:

(1) abating the proceeding again to the trial court for a contempt of court hearing;

(2) imposing a lump sum monetary fine;

(3) imposing a daily fine for each day the record is late beyond the date previously determined by the trial court; and

(4) confinement in jail until the record is completed.

The trial court shall require the hearing to be transcribed. To the extent necessary or pertinent to obtaining compliance with the rules regarding preparation of the reporter's record, the trial court must: (1) prepare findings of fact and conclusions of law addressing the above issues; (2) require the preparation of a supplemental clerk's record containing its findings of fact and conclusions of law and all orders it may issue as a result of its hearing in the matter; and (3) require the preparation of a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the trial court's findings and orders must be provided to the trial court clerk within 7 days from the date of the hearing.

The trial court clerk is ORDERED to provide a supplemental clerk's record, containing the written findings and orders of the trial court, to this Court within 14 days from the date of the hearing.

Further, the trial court's official reporter is ORDERED to provide a record of the hearing held to this Court within 14 days from the date of the hearing.