

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00250-CV

MICHAEL E. GEIGER                                      APPELLANT

V.

ERIC MILBURN, SHERILYN                                 APPELLEES
TRENT, TAMMI MESSIMER, EDDIE
WILLIAMS, EMILIO BARRENTES,
DAVID GREEN, KAREN ANISTON,
JOHN RUPERT, AND MAJOR
HARRIS III

----------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In four points, Appellant Michael E. Geiger, an inmate in the Coffield Unit

of the Texas Department of Criminal Justice (TDCJ) who is proceeding pro se

---

[1]*See* Tex. R. App. P. 47.4.

and *in forma pauperis*, appeals the trial court's dismissal of his suit against Appellees, who are employees of the TDCJ and work at various prison units. We will affirm.

## II. PROCEDURAL BACKGROUND

Geiger filed multiple grievances in the prison grievance system alleging that prison employees had confiscated his "freeworld clothes" and his Fila tennis shoes. After exhausting his remedies in the prison grievance system, Geiger filed suit against Appellees Eric Milburn, Sherilyn Trent, Tammi Messimer, Eddie Williams, Emilio Barrentes, David Green, Karen Aniston, John Rupert, and Major Harris III, alleging claims for violating his right to privacy, converting his personal property, violating his right to due process, and committing fraud against him. Geiger requested actual and punitive damages, as well as injunctive relief.

Appellees Williams, Green, Aniston, and Harris were not served with citation and did not answer. The remaining Appellees answered and filed a motion to dismiss pursuant to chapter 14 of the Texas Civil Practice and Remedies Code. The trial court, without conducting a hearing, dismissed Geiger's entire suit as frivolous and for failure to comply with chapter 14. This appeal followed.

## III. JURISDICTION OVER APPEAL

As an initial matter, Appellees argue in their brief that this court lacks jurisdiction over Geiger's appeal because he did not timely perfect his appeal.

2

Appellees argue that Geiger's notice of appeal was filed more than thirty days after the final judgment was signed.

The time for filing a notice of appeal is jurisdictional in this court, and absent a timely-filed notice of appeal or extension request, we must dismiss the appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). A motion for extension of time is necessarily implied when an appellant acting in good faith files a notice of appeal beyond the time allowed by rule 26.1 but within the fifteen-day period in which appellant would be entitled to move to extend the filing deadline under rule 26.3. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617; *see also* Tex. R. App. P. 26.1, 26.3. However, when a motion for extension is implied, it is still necessary for the appellant to reasonably explain the need for an extension. *See Jones*, 976 S.W.2d at 677; *Verburgt*, 959 S.W.2d at 617.

The trial court signed the final judgment on June 4, 2013. Because Geiger did not file a post-judgment motion listed in rule 26.1(a), his notice of appeal was due July 5, 2013. *See* Tex. R. App. P. 26.1(a). On July 22, 2013, seventeen days after the notice of appeal was due, Geiger filed his notice of appeal and explained within his notice of appeal that he did not receive notice of the final judgment until June 30, 2013. Although it would appear at first glance that Geiger's notice of appeal and explanation for the extension of time to file his notice of appeal were untimely filed because they were filed seventeen days after

3

the notice of appeal was due, the fifteen-day period to extend the deadline under rule 26.3 fell on a Saturday, and Geiger filed his notice of appeal and explanation for the extension on the following Monday. *See* Tex. R. App. P. 4.1(a), 26.3. We therefore hold that Geiger timely filed his notice of appeal and reasonable explanation for the extension of time to file his notice of appeal, and thus we have jurisdiction over his appeal.

## IV. DISMISSAL OF GEIGER'S SUIT

In four points, Geiger challenges the dismissal of his suit against Appellees.[2]

## A. Standard of Review Under Chapter 14

An inmate action in which an affidavit of inability to pay costs is filed is governed by chapter 14 of the Texas Civil Practice and Remedies Code. Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West Supp. 2013). A chapter 14 dismissal is reviewed for an abuse of discretion. *Brewer v. Simental*, 268 S.W.3d

---

[2]Geiger's four points as set forth in his brief are as follows:

- [D]id the trial court abuse it[]s discretion and violate due process by it[]s dis[]missal without resolving all issues of [f]act[]?
- [D]id the trial court violate access to court by denying appellant timely notice, copy, and right to refute/object or confront the intent to dismiss based on the motion recommendation of defe[]ndan[t] (defendant's[]) motion/answer to allegations against them[]?
- [D]id [the] trial court violate appellant's right to trial by holding a trial by judge without written consent from each party and after each party has timely made th[ei]r request for jury trial[?]
- [D]id the trial court have discretion to dismiss where it[]s theory of law is not supported by evidence and the court did not resolve every issue raised in the complaint and evidence[?]

4

763, 767 (Tex. App.—Waco 2008, no pet.). If, as in this case, the trial court dismisses a claim without conducting an evidentiary hearing, we are limited to reviewing whether the claim had an arguable basis in law. *Smith v. Tex. Dep't of Crim. Justice-Institutional Div.*, 33 S.W.3d 338, 340 (Tex. App.—Texarkana 2000, pet. denied). A claim does not have an arguable basis in law if the claim is based on a meritless legal theory or if the inmate failed to exhaust his administrative remedies. *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). A decision to dismiss will be affirmed if it is proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990).

### B. Procedural Requirements of Chapter 14

An inmate proceeding pro se and *in forma pauperis* must comply with the procedural requirements of chapter 14. Tex. Civ. Prac. & Rem. Code Ann. § 14.002. Texas Civil Practice and Remedies Code section 14.005 requires an inmate who files a claim that is subject to the grievance system to file with the trial court (1) an affidavit or unsworn declaration stating the date that the grievance was filed and the date the written decision was received by the inmate and (2) a copy of the written decision from the grievance system. *Id.* § 14.005(a) (West 2002). "A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *Id.* § 14.005(b).

5

## C. Dismissal Was Proper For Failure to Comply with Procedural Requirements

The record reveals that Geiger attached to his petition copies of the written grievances that he had filed in the prison grievance system. The record does not, however, contain an affidavit or unsworn declaration from Geiger stating the date that he received the written decision on his grievances. The record reveals that Geiger filed his last Step 2 grievance on December 30, 2011, and that it was decided on February 29, 2012. In the absence of any complaint or indication from Geiger that he did not receive the decision in a timely manner, it is reasonable for the trial court to have concluded that over thirty-one days had elapsed between the date that Geiger had received the decision on February 29, 2012, and April 8, 2013, when he filed his petition against Appellees. Because Geiger failed to timely file his lawsuit within the time frame outlined in section 14.005(b), the trial court was required to dismiss Geiger's lawsuit. *See id.* We hold that the trial court did not abuse its discretion by dismissing Geiger's suit for failing to comply with the requirements of chapter 14.005. *See id.* § 14.005(a), (b); *Hatcher v. TDCJ-Institutional Div.*, 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied) (holding that trial court did not abuse its discretion by dismissing inmate's suit for statutory noncompliance because inmate failed to provide an adequate affidavit under section 14.005); *Wolf v. Tex. Dep't of Criminal Justice, Institutional Div.*, 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied) (holding that trial court did not abuse its discretion by

6

dismissing inmate's suit for failure to comply with the requirements of section 14.005).

### D. Disposition of Geiger's Points on Appeal

Because the trial court's dismissal was proper based on matter-of-law grounds—Geiger's failure to comply with statutory requisites, the trial court was not required to resolve any fact issues or to address the merits of Geiger's claims. We overrule the portion of Geiger's first point arguing that the trial court abused its discretion and violated his right to due process by dismissing his suit without resolving all fact issues and the portion of his fourth point arguing that the trial court abused its discretion by dismissing his suit because its "theory of law is not supported by evidence" and because the court "did not resolve every issue raised in the complaint."[3]

Geiger also argues in his fourth point that dismissal with prejudice is improper when an inmate's error can be remedied. Here, the final judgment does not state whether Geiger's claims are dismissed with or without prejudice. *See Martin v. State*, No. 01-03-01224-CV, 2005 WL 729480, at *3 (Tex. App.— Houston [1st Dist.] Mar. 31, 2005, no pet.) (mem. op.) (stating in chapter 14 case

---

[3]Geiger also argues in his fourth point that there was no motion to dismiss. The record, however, reveals that a copy of Appellees' motion to dismiss was sent to Geiger, and he referenced the motion to dismiss in the motion for injunction that he filed on June 10, 2013. To the extent that Geiger's fourth point can be read to argue that he did not receive a copy of the final judgment in a timely manner, we have held above that he was not harmed; his notice of appeal and explanation for the extension of time to file his notice of appeal were timely filed.

that if order of dismissal does not state whether the case was dismissed with or without prejudice, it is presumed the case was dismissed without prejudice). However, even if the trial court had dismissed Geiger's suit with prejudice, he could not have amended his pleadings to remedy the untimely filing of his petition. We overrule this portion of Geiger's fourth point.

Geiger contends in the remainder of his first and fourth points and in his second and third points that the trial court failed to conduct a hearing on his lawsuit prior to dismissal. Section 14.008 provides that the court *may* hold a hearing. Tex. Civ. Prac. & Rem. Code Ann. § 14.008 (West 2002). A hearing is not necessary when the dismissal is made as a matter of law rather than fact. *See Smith*, 33 S.W.3d at 340. Here, the dismissal was proper on matter-of-law grounds because Geiger did not comply with statutory requisites. A hearing would not change the fact that Geiger filed his petition approximately one year late. Because Geiger did not fulfill the statutory procedural requirements, his claims had no basis in law, and thus no hearing was required. We hold that the trial court did not abuse its discretion by not holding a hearing on Appellees' motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.008; *Riddle v. TDCJ-ID*, No. 13-05-00054-CV, 2006 WL 328127, at *2 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied) (mem. op.) (holding that trial court did not abuse its discretion by not convening a hearing because inmate did not fulfill statutory requirements under section 14.005); *see also Addicks v. Rupert*, No. 12-09-00288-CV, 2011 WL 1642862, at *4 (Tex. App.—Tyler Apr. 29, 2011, no

8

pet.) (mem. op.) (stating that Texas courts have held that a hearing is not required when inmate has failed to exhaust administrative remedies or, in other words, when inmate has failed to comply with section 14.005 of the civil practice and remedies code).

Geiger also argues in his third point that he was denied his right to trial by jury. The right to a jury trial is not an absolute right in civil cases but is subject to certain procedural rules. *Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 738 (Tex. App.—San Antonio 1999, no pet.). Chapter 14 imposes the requirement to file suit before the thirty-first day after the date the inmate receives the written decision from the grievance system, and the failure to meet that procedural requirement allows the trial court to dismiss the case. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a), (b). This dismissal is not based on the merits but merely operates to dismiss the case on a procedural requirement that is directly related to the statute's purpose of limiting the number of frivolous lawsuits. Geiger's suit did not proceed to a jury trial or to a disposition on the merits, because of his failure to fulfill a procedural requirement; we hold that Geiger's right to a jury trial was not violated. *Cf. Schorp*, 5 S.W.3d 738 (holding that right to jury trial was not violated when litigant's intentional failure to fulfill a procedure requirement resulted in dismissal of her case under former statute relating to frivolous lawsuits involving medical malpractice). Moreover, with regard to Geiger's complaint in his second point that the trial court violated his constitutional right to access the courts by dismissing his lawsuit, we hold that

9

chapter 14 does not violate the constitutional right of access to the courts. *See Sanders v. Palunsky*, 36 S.W.3d 222, 226–27 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that reasonable restrictions, such as the thirty-one day deadline in section 14.005(b), on the ability of pro se inmates to proceed *in forma pauperis* do not constitute a denial of the constitutional right of access to the courts).

We therefore overrule Geiger's second and third points and the remainder of his first and fourth points.

## V. CONCLUSION

Having overruled all four of Geiger's points, we affirm the trial court's judgment.

PER CURIAM

PANEL:  WALKER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED:  February 6, 2014